# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IVANA FRECH,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES, *et al.*,<br><br>    Defendants. | Civil Action No. 23-2530 (JEB) |

## MEMORANDUM OPINION AND ORDER

Dr. Ivana Frech, a former research scientist at the University of Utah, has sued the U.S. Department of Health and Human Services, the Office of Research Integrity, the United States, and several individuals in their official capacities as leaders of HHS and ORI. She asserts that in "personal matters . . . implicating [her] personal and professional integrity," Defendants have acted arbitrarily and capriciously in violation of the Administrative Procedure Act. See ECF No. 3 (Pl. Mot.) at 2. To prevent Defendants from publishing certain "allegations" against her, she seeks emergency injunctive relief. Id. Before the assigned judge can decide whether to grant that relief, this Court must rule on Plaintiff's concomitant Motion to File Complaint and Motion for a Temporary Restraining Order Under Seal. Id. at 1.

Frech asks to file her Complaint and TRO Motion under seal for now and to file redacted versions publicly by September 15, 2023. Id. Since "redacted copies [would] be made available on the public docket" eventually under her proposal, she insists that she "is not seeking the sealing of her complaint and TRO Motion in full." Id. at 2. But because Frech proposes not to file redacted versions on the public docket for another two-and-a-half weeks, the Court will treat

1

her Motion as a standard motion to seal. As she does not satisfy the high bar for such a motion, the Court will deny it, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motions in any case not already assigned," including "motion[s] to seal the complaint"); LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

## I. Legal Standard

Generally, a plaintiff filing a civil complaint must file on the public docket. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). "The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)). When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980). Those factors are:

> (1) the need for public access to the documents at issue;
> (2) the extent of previous public access to the documents;
> (3) the fact that someone has objected to disclosure, and the identity of that person;
> (4) the strength of any property and privacy interests asserted;
> (5) the possibility of prejudice to those opposing disclosure; and
> (6) the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22)).

## II. Analysis

Frech has not met her burden to overcome the presumption in favor of public access to court records. The Court will address each Hubbard factor in turn.

The first factor, "the need for public access to the documents at issue," counsels in favor of disclosure.  The presumption of transparency is "particularly strong in this case because '[t]he appropriateness of making court files accessible is accentuated in cases where the government is a party.'"  United States v. All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d 71, 81 (D.D.C. 2020) (quoting Nat'l Children's Ctr., 98 F.3d at 1409).  "[I]n such circumstances, the public's right to know what the executive branch is [doing] coalesces with the concomitant right of the citizenry to appraise the judicial branch."  Id. (quoting FTC v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 410 (1st Cir. 1987)); see also Hyatt v. Lee, 251 F. Supp. 3d 181, 184 (D.D.C. 2017) ("The interest of the public and press in access to civil proceedings is at its apex when the government is a party to the litigation.  Indeed, the public has a strong interest in monitoring not only functions of the courts but also the positions that its elected officials and government agencies take in litigation.") (citation omitted).  Here, all Defendants are government agencies and government officials sued in their official capacities.

The second factor similarly counsels in favor of disclosure.  Plaintiff asserts that the "documents subject to this Motion have not previously been made available to the public."  Pl. Mot. at 2.  That is true only insofar as "the public did not have prior access" to those particular documents because they were "filed under seal."  United States ex rel. Grover v. Related Cos., LP, 4 F. Supp. 3d 21, 26 (D.D.C. 2013).  "[M]uch of the critical information" contained in those documents, however, "is already in the public forum."  In re Application of N.Y. Times Co. for Access to Certain Sealed Ct. Records, 585 F. Supp. 2d 83, 93 (D.D.C. 2008).  For example, Defendant ORI has two pages on its website — a "case summary" and a "research misconduct finding" — regarding the allegations against Plaintiff.  See Off. of Res. Integrity, Case Summary: Frech, Ivana, https://ori.hhs.gov/content/case-summary-de-domenico-ivana [https:

3

//perma.cc/X8YH-HT7D]; Off. of Res. Integrity, Research Misconduct Finding: Ivana Frech, Ph.D. (formerly Ivana De Domenico), https://ori.hhs.gov/research-misconduct-finding-ivana-frech-phd-formerly-ivana-de-domenico [https://perma.cc/URV3-MPAG].  There has also been public reporting on these matters.  See, e.g., Lindsay Whitehurst, Probe Finds 'Reckless' Misconduct in University of Utah Lab, Salt Lake Trib. (Aug. 2, 2013, 4:35 PM), https://archive.sltrib.com/article.php?id=56676417&itype=CMSID [https://perma.cc/C3UD-WXBW] (mentioning Plaintiff by her former name).  Where, as here, substantial portions of the alleged private information is already public, the second factor counsels against sealing.  See, e.g., Cobell v. Norton, 157 F. Supp. 2d 82, 90 (D.D.C. 2001).

      The third factor is the only one that weighs in favor of sealing at this stage.  "[T]he fact that a party moves to seal the record weighs in favor of the party's motion."  Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010).  Defendants, however, have not had an opportunity to weigh in, and, in any event, the judge to whom this case is randomly assigned would remain free to revisit any sealing decision.

      The fourth Hubbard factor, like the first and second, favors disclosure.  The only privacy interest that Frech asserts is her own: Defendants' allegations against her, she contends, "will be immediately harmful to [her] personal reputation and professional standing."  Pl. Mot. at 3.  But litigants "have a lesser claim to privacy than third parties," McConnell v. Fed. Election Comm'n, 251 F. Supp. 2d 919, 932 (D.D.C. 2003), and the D.C. Circuit has "narrowly construed the privacy interests that would justify sealing the record, limiting them to documents that would 'reveal the intimate details of individual lives, sexual or otherwise'—a higher standard than mere embarrassment."  Gilliard v. McWilliams, 2019 WL 3304707, at *4 (D.D.C. July 23, 2019) (quoting Hubbard, 650 F.2d at 324).

A "generalized reputational interest," therefore, "is not a compelling reason to seal individual documents" under the fourth factor. Doe, Inc. v. Roe, 2021 WL 3622423, at *3 (D.D.C. Apr. 28, 2021); see Grover, 4 F. Supp. 3d at 27 ("Harm to reputation and career as a result of filing a lawsuit is not the sort of property or privacy interest that courts have found compelling when analyzing this Hubbard factor."); DRC, Inc. v. Republic of Honduras, 2011 WL 13257869, at *6 (D.D.C. Aug. 22, 2011) (rejecting party's assertion of "reputational" interests because those interests "do not present a sufficiently substantial interest to tilt the fourth factor for sealing the documents"). Frech, of course, "may rebut [Defendants'] allegations" against her "openly" by litigating on the public docket. DRC, Inc., 2011 WL 13257869, at *6. The fact that information about the allegations against Plaintiff is already "freely available in the public domain" further "negates [her] asserted privacy interests." In re Fort Totten Metrorail Cases, 960 F. Supp. 2d 2, 13 (D.D.C. 2013). In sum, she has not shown that her "privacy interest is strong enough to overcome disclosure." Matter of Pub. Def. Serv. for D.C. to Unseal Certain Recs., 607 F. Supp. 3d 11, 27 (D.D.C. 2022).

The fifth factor, which concerns whether disclosure will lead to prejudice to the party seeking the seal, is neutral. Plaintiff has not "identified how the disclosure of the relevant material" — here, the Complaint and TRO Motion — "causes legal prejudice." All Assets Held, 520 F. Supp. 3d at 85 (quoting Zapp, 746 F. Supp. 2d at 150) (cleaned up); see Friedman v. Sebelius, 672 F. Supp. 2d 54, 60–61 (D.D.C. 2009) (finding that fifth factor did not "weigh strongly" either way where "plaintiffs ha[d] not claimed that unsealing this matter would affect them in any future litigation" but "rather . . . refer[red] only to generalized reputational harm"); United States v. Puma, 2023 WL 2727755, at *6 (D.D.C. Mar. 31, 2023) (explaining that

"[h]arm to reputation and career is not a compelling reason for non-disclosure" under fifth factor) (internal quotation marks and citation omitted).

The sixth and final factor, "the purposes for which the documents were introduced," Nat'l Children's Ctr., 98 F.3d at 1409, supports disclosure. Frech has "voluntarily commenced a public proceeding . . . and invoked the jurisdiction of this Court to do so," and thus her Complaint and TRO Motion were introduced for a public purpose. Upshaw v. United States, 754 F. Supp. 2d 24, 30 (D.D.C. 2010). There is no doubt that Plaintiff "intended for the Court to rely on the sealed documents" when deciding whether to issue emergency injunctive relief. Michaels v. NCO Fin. Sys. Inc., 2023 WL 4857413, at *5 (D.D.C. July 31, 2023); see Vanda Pharms., Inc. v. FDA, 539 F. Supp. 3d 44, 57 (D.D.C. 2021) ("The sixth Hubbard factor favors disclosure where the parties explicitly intended the Court to rely on [the sealed] materials in adjudicating their dispute.") (internal quotation marks and citation omitted). Plaintiff has declined, furthermore, to seek a limited redaction and has instead asked the Court to seal the documents in their entirety for the time being. See Guttenberg v. Emery, 26 F. Supp. 3d 88, 96 (D.D.C. 2014) (sixth factor "weighs against sealing the whole case . . . because this factor is focused on whether particular documents should be sealed because they play only an ancillary role in the case"). "The more relevant a pleading is to the central claims of the litigation, the stronger the presumption of unsealing the pleading becomes." United States v. Harris, 204 F. Supp. 3d 10, 17–18 (D.D.C. 2016). The pleadings here are certainly relevant to the central claims of the litigation.

Frech's assertion that Hubbard supports her position with respect to the sixth factor gains no traction. In Hubbard, the D.C. Circuit found that certain documents introduced to demonstrate the unlawfulness under the Fourth Amendment of a search and seizure should

6

remain under seal.  See 650 F.2d at 321–22.  Relying on the "fundamental thrust" of the Fourth Amendment, which is "the protection of privacy and property interests," the court noted that "it would be ironic indeed if one who contests the lawfulness of a search and seizure were always required to acquiesce in a substantial invasion of those interests simply to vindicate them."  Id. at 321.

Attempting to transport that Hubbard principle to her case, Plaintiff contends that "it would be ironic if Plaintiff is compelled to publish the very information that she is vehemently fighting to ensure is not published just to vindicate her right to have the Defendants barred from publishing it."  Pl. Mot. at 4.  But, as courts in this district have explained, the Hubbard principle "is not so transportable."  Guttenberg, 26 F. Supp. 3d at 96.  In Hubbard, the court was "vindicating the defendant's Fourth Amendment rights."  Id.  Here, while Plaintiff may hope to avoid an invasion of privacy, her lawsuit asks the Court to enforce the APA, not to "vindicate [her] privacy rights."  Id.  To do so, the Court must analyze whether the statute was violated, and "that analysis is normally a public matter."  Id.  Disclosure of the allegations against Frech thus "does not frustrate the purpose for which [she is] introducing them — to enforce the [APA]."  Id. at 96–97.

At the end of the day, although the third factor weighs in favor of sealing, the first, second, fourth, and sixth tip strongly in favor of disclosure.  The Court will therefore deny the Motion at this time.  Plaintiff will have the opportunity to proceed on the public docket, if she so chooses, and to seek leave to seal certain filings from the assigned judge.

The Court accordingly ORDERS that:

1. Plaintiff's [2] Motion for Leave to File Complaint and TRO Motion Under Seal is DENIED; and

7

2. If Plaintiff seeks to proceed, she must file the Complaint and TRO Motion on the public docket.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: August 31, 2023