Exhibit 1

# VOLUNTARY SETTLEMENT AGREEMENT

This Voluntary Settlement Agreement (Agreement) is entered into by and between the United States Department of Health and Human Services (HHS), through the U.S. Public Health Service (PHS), and the Respondent, Dr. Ivana Frech (also known as Dr. Ivana De Domenico).

The purpose of this Agreement is to settle the Office of Research Integrity's (ORI's) research misconduct findings against Respondent, who was an Assistant Professor in the Department of Internal Medicine, University of Utah (UU).

Based on the report of an investigation conducted by the UU and additional analysis conducted by the ORI in its oversight review, this settlement resolves ORI's findings that Respondent engaged in research misconduct in research supported by National Institute of Diabetes and Digestive and Kidney Diseases (NIDDK), National Institutes of Health (NIH), grants R01 DK070947, DK090257, DK030534, and SP30 DK072437, National Institute of General Medicine Sciences (NIGMS), NIH, grant P50 GM082545, National Institute of Allergy and Infectious Diseases (NIAID), NIH, grant R01 AI051174, and National Heart, Lung, and Blood Institute (NHBLI), NIH, grant R01 HL026922.

ORI finds that Respondent engaged in research misconduct by falsifying and/or fabricating data included in:

- De Domenico, I., Lo, E., Yang, B., Korolnek, T., Hamza, I., Ward, D.M., & Kaplan, J. "The role of ubiquitination in hepcidin-Independent and hepcidin-dependent degradation of ferroportin." *Cell Metabolism* 14(5):635-46, Nov. 2, 2011 (PMID: 22019085). Retracted (referred to as "Paper #1" or "*Cell Met.* Nov. 2011");

- De Domenico, I., Vaughn, M.B, Paradkar, P.N., Lo, E., Ward, D.M., & Kaplan, J. "Decoupling ferritin synthesis from free cytosolic iron results in ferritin secretion." *Cell Metabolism* 13, 57-67, Jan. 5, 2011 (PMID: 21195349). Retracted (referred to as "Paper #6" or "*Cell Met.* Jan. 2011");

- De Domenico, I.., Nemeth, E., Nelson, J.M., Philips, J.D., Ajioka, R.S., Kay, M.S., Kushner, J.P., Ganz, T., Ward, D.M., & Kaplan, J. "The hepcidin-binding site on ferroportin is evolutionarily conserved." *Cell Metabolism* 8:146-156, 2008 (PMID: 18680715). Retracted (referred to as "Paper #10" or "*Cell Met.* 2008");

- Kieffer, C., Skalicky, J.J., Morita, E., De Domenico, I., Ward, D.M., Kaplan, J., & Sundquist, W.I. "Two distinct modes of ESCRT-III recognition are required for VPS4 functions in lysosomal protein targeting and HIV-1 budding." *Developmental Cell* 15:62-73, 2008 (PMID: 18606141) (referred to as "Paper #11" or "*Dev Cell* 2008").

Specifically, ORI finds that the Respondent:

- falsified and/or fabricated CD spectroscopy data for mammalian HEP structure in Figure 4A of the *Cell Met.* 2008 paper by altering the raw data to support the hypothesis that a shift in HEP structure is temperature-dependent.

**Dr. Ivana Frech (Dr. Ivana De Domenico)**     **Voluntary Settlement Agreement**

- falsified and/or fabricated western blots for ferroportin in Figures 5A and 5B of the *Dev Cell* 2008 paper.

- falsified western blots by falsely reusing and relabeling the band images in Figure 1C, 1D, 2Aii, 2B, 3 and 5 of the *Cell Met.* Nov. 2011 paper and Figures 4B and 5A of the *Cell Met.* Jan. 2011 paper.

The terms of this Agreement are as follows:

1.  Respondent accepts and agrees not to contest or appeal the ORI finding of research misconduct as set forth above.

2.  Respondent agrees not to contest or appeal the jurisdiction of ORI in this matter.

3.  Respondent voluntarily agrees:

    (1) that if the Respondent is employed in a research position in which she receives or applies for PHS support within five years of the effective date of the Agreement, she shall have her research supervised for a period of three years under a Supervision Plan approved by ORI;

    (2) that prior to the submission of an application for PHS support for a research project on which the Respondent's participation is proposed and prior to Respondent's participation in any capacity on PHS-supported research, Respondent shall ensure that a Supervision Plan is submitted to ORI for approval;

    (3) that any institution using her services shall submit, in conjunction with each application for PHS funds and each report, manuscript, poster, presentation, or abstract involving PHS-supported research in which Respondent is involved, a certification to ORI that the data provided by Respondent are based on actual experiments or are otherwise legitimately derived and that the data, procedures, and methodology are accurately reported in the application, report, manuscript, poster, presentation, or abstract; and

    (4) to exclude herself voluntarily from serving in any advisory capacity to PHS including, but not limited to, service on any PHS advisory committee, board, and/or peer review committee, or as a consultant for period of three years beginning on the effective date of this agreement.

4.  The Supervision Plan must be designed to ensure the scientific integrity of Respondent's research contribution. Additionally, the Supervision Plan must include three requirements. First, the Supervision Plan must designate specific personnel at the

institution who will perform a detailed review of all of Respondent's work on any applications for PHS funds and any report, manuscript, poster, presentation, or abstract involving PHS-supported research, in order to verify the accuracy of all Respondent's figures, data, and text. Second, the Supervision Plan would include a requirement for the Respondent to complete yearly training in the responsible conduct of research for a period of three years beginning on the effective date of this agreement. Third, the institution would be responsible for sending ORI yearly summaries describing the institution's oversight of the Supervision Plan. Respondent agrees that she shall not participate in any PHS-supported research until such a Supervision Plan is submitted to and approved by ORI and signed by both Respondent and the Institution. Respondent agrees to maintain responsibility for compliance with the agreed upon Supervision Plan.

5. As a condition of this Agreement, Respondent will request that Figure 5A and 5B of the *Dev Cell* 2008 paper be corrected.

6. HHS and Respondent agree that Paragraphs 1 through 5 are material provisions of this Agreement. Respondent agrees that a violation of any of these material provisions, as determined by ORI after notice of the alleged violation and an opportunity to respond in writing, constitutes sufficient cause for HHS to exclude Respondent pursuant to HHS's Implementation (2 C.F.R. Part 376) of the Office of Management and Budget Guidelines to Agencies on Governmentwide Debarment and Suspension (2 C.F.R. Part 180). Respondent agrees that ORI's determination of Respondent's violation is not appealable. Respondent further agrees that after ORI's finding of a violation of this Agreement, for a period equal to the duration of the violation plus one (1) year, she will (1) voluntarily exclude herself from any contracting or subcontracting with any agency of the U.S. Government and from eligibility for, or involvement in, nonprocurement programs of the U.S. Government; and (2) voluntarily exclude herself from serving on any PHS advisory committee, board, peer review committee, or as a consultant. Respondent understands and agrees that HHS will enter her name in the General Services Administration's System for Award Management (SAM), and that ORI will publish a notice of the finding of a violation of this Agreement and her exclusion in the *Federal Register*.

7. This Agreement contains a complete description of the agreement between the parties. All material representations, understandings, and promises of the parties are contained in this Agreement. Any modifications must be set forth in writing and signed by all parties. Respondent represents that this Agreement is entered into voluntarily with knowledge of the events described.

8. In accordance with its normal procedures, ORI shall provide public notice of this Agreement.

9. This Agreement shall become binding and effective only when it is signed by the HHS representative and by Respondent.

**Dr. Ivana Frech (Dr. Ivana De Domenico)**             **Voluntary Settlement Agreement**

_____       _____
Date                   Ivana Frech (also known as Ivana De Domenico), Ph.D., Respondent

_____       _____
Date                   Paul Thaler, Esq., Counsel for Respondent

_____       _____
Date                   Carter Blakey
                          Department of Health and Human Services